UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD T. JOHNSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 4:25-CV-704 HEA |
| STATE BOARD OF EMBALMERS | ) |
| AND FUNERAL DIRECTORS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants State Board of Embalmers and Funeral Directors, Nick McBroom, and Patty Faenger's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 15). Plaintiffs oppose the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court grants in part and denies in part Defendants' Motion to Dismiss.

### I. Background

Plaintiffs Gerald T. Johnson and Serenity Memorial Funeral and Cremation Service, LLC ("Serenity") (collectively "Plaintiffs") bring the above-captioned cause of action against the State Board of Embalmers and Funeral Directors (the "Board"), Patty Faenger, the Executive Director of the Board, and Nick McBroom, a senior investigator for the State of Missouri's Department of Commerce and

Insurance, Division of Professional Registration (collectively "Defendants"). The Complaint alleges that Plaintiff Johnson is a licensed embalmer and funeral director and the owner and operator of Serenity, a funeral service business that holds a funeral establishment license issued by the Board.

According to the Complaint, on March 7, 2023, the Board provided Plaintiffs with written notice that Serenity had passed its Annual Inspection and was in compliance with Missouri law. Shortly after providing this notice, Defendant McBroom conducted two unannounced inspections of Serenity on March 14 and April 20, 2023. Defendant McBroom prepared Inspection Reports immediately following each of the unannounced inspections. Defendant McBroom refused to provide Plaintiff Johnson with copies of the Inspection Reports, despite Plaintiff Johnson's requests.

On April 20, 2023, Defendant Faenger filed a complaint against Serenity with the Board. Plaintiff Johnson requested a copy of this complaint, which he contends Defendants refused to provide. Defendant McBroom also refused to share details with Plaintiff Johnson regarding any alleged violations that were discovered during the unannounced inspections. On April 26, 2023, Defendant McBroom conducted a third unannounced inspection of Serenity.

On May 22, 2023, Defendant Faenger caused a complaint and motion for a temporary restraining order to be filed against Serenity in the Circuit Court for Cole

County Missouri. The complaint and motion for temporary restraining order alleged that Serenity "(1) failed to properly care for human dead bodies by not timely nor properly embalming; (2) had insufficient capacity in its cooling unit; (3) had dead bodies in a transport van parked outside the funeral home; and (4) had clogged embalming sinks," which presented "a substantial probability of serious danger to the health, safety and welfare of any resident of [Missouri] or any client or customer of [Serenity]." (*Id.* at 8). Plaintiffs contend that the facts alleged in the complaint and motion for temporary restraining order, which they characterize as salacious, were false. And according to Plaintiffs, the lawsuit received significant press coverage, including a front-page article in the St. Louis Post Dispatch. As a result of the lawsuit and the ensuing publicity, Plaintiffs allege that they lost business, and their reputation was severely damaged.

On June 9, 2023, the state court held a hearing on the motion for temporary restraining order, which the court took under advisement. On June 21, 2023, the state court issued an order denying the motion for temporary restraining order. The state court found there was no evidence or not enough evidence for the court to conclude that: bodies at Serenity were not embalmed in a timely manner; bodies were improperly embalmed; Serenity's cooling unit lacked capacity; bodies were improperly stored; or bodies were improperly stored in a transport van. (ECF No. 1-5 at 2-7). The state court concluded that there was not enough evidence in the

3

record that Serenity presented "a substantial probability of serious danger to the health, safety and welfare of any resident of [Missouri] or any client or customer of [Serenity]." (ECF No. 1-5 at 8). On September 16, 2024, the Board voluntarily dismissed its suit, which sought to enjoin Serenity from operating as a funeral home.

In the case at bar, Plaintiffs bring the following two claims against the Board and Defendants Faenger and McBroom: violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which is brought pursuant to 42 U.S.C. § 1983 (Count I); and Violation of the Due Process Clause of the Missouri Constitution (Count II). Plaintiffs also bring a claim for Malicious Prosecution against Defendant Faenger (Count III). In their Complaint, Plaintiffs allege Defendant McBroom is liable in his official capacity only, however, Plaintiffs allege that Defendant Faenger is liable in both her official capacity and her individual capacity. Plaintiffs seek actual damages, attorneys' fees, and costs against all three defendants, as well as punitive damages against Defendant Faenger.

In response to the Complaint, Defendants filed a motion to dismiss, which is presently before the Court. Defendants argue that the Complaint must be dismissed in its entirety, because the Board and the two state employees are immune from suit under both the Eleventh Amendment and Missouri's sovereign immunity.

## *II. Legal Standard*

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *Twombly*, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept the allegations contained in a complaint as true is inapplicable to legal conclusions, however. *Iqbal*, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. *Id.*

## IV.  Discussion

Defendants move to dismiss Count I on the basis that is barred by the Eleventh Amendment. Defendants also contend that Counts I and II are barred by the doctrine of sovereign immunity. Finally, Defendants argue that under 28 U.S.C. § 1367, the Court lacks supplemental subject matter jurisdiction over the remaining state law claim in Count III, because Plaintiffs have failed to assert a viable federal claim.

### A.     Eleventh Amendment

In Count I of the Complaint, Plaintiffs seek damages for alleged violations of the due process clause in the Fourteenth Amendment to the U.S. Constitution under 42 U.S.C. § 1983 against all three defendants. The Eleventh Amendment of the U.S. Constitution bars § 1983 claims against the State of Missouri and its agencies. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("States are immune from suit under the terms of the Eleventh Amendment[.]"). Further, an official capacity claim against an individual is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against

6

the public employer" and, therefore, the State. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

The Court agrees with Defendants that Plaintiffs' § 1983 claims in Count I against the Board and Defendants McBroom and Faenger in their official capacities are barred by the Eleventh Amendment. However, in Count I, Plaintiffs bring a claim against Defendant Faenger in her individual capacity. (ECF No. 1 at 12). The Eleventh Amendment does not bar claims brought against state officials in their individual capacity. *Lewis v. Clarke*, 581 U.S. 155, 166 (2017) ("we [have never] held that a civil rights suit under 42 U.S.C. § 1983 against a state officer in his individual capacity implicates the Eleventh Amendment and a State's sovereign immunity from suit."). The Court will deny Defendants' motion to dismiss Count I as to Defendant Faenger in her individual capacity.

B.   **Sovereign Immunity**

Defendants also argue that they are entitled to state sovereign immunity as to Counts I and II. Missouri law provides that government entities have sovereign immunity from suit. Mo. Rev. Stat. § 537.600. Section 537.600 contains two exceptions to sovereign immunity – for automobile cases and cases involving injury caused by a dangerous condition of public property – but neither exception is at issue here. *See Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 841 (8th Cir. 2003); *Ozark Silver Exch., Inc. v. City of Rolla*, 664 S.W.2d 50, 51 (Mo. Ct. App. 1984).

The Court agrees with Defendants that the Board and Defendants McBroom and Faenger, in their official capacities, are entitled to sovereign immunity as to Counts I and II.  However, as in Count I, Plaintiffs are bringing a claim against Defendant Faenger in her individual capacity in Count II.  (ECF No. 1 at 13).  The Court will deny Defendants' motion to dismiss Count I and II on the basis of sovereign immunity against Defendant Faenger in her individual capacity.

Finally, Defendants' motion to dismiss Count III for lack of supplemental jurisdiction under 28 U.S.C. § 1367 will be denied, as a federal claim remains in this suit. For clarification of the record, the only claims that remain in this case are Counts I, II and III of the Complaint against Defendant Faenger in her individual capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants State Board of Embalmers and Funeral Directors, Nick McBroom, and Patty Faenger's Motion to Dismiss is **GRANTED in part and DENIED in part.**  Consistent with the terms of this Opinion, Memorandum, and Order, the motion is **GRANTED** to the extent that Plaintiffs' claims in Count I and II against the State Board of Embalmers and Funeral Directors and against Nick McBroom and Patty Faenger in their official capacities are dismissed.  In all other respects, the motion is **DENIED**.  [ECF No. 15]

The Court will issue a separate Order of Partial Dismissal.

Dated this 27th day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE