Ex. M

IN THE CIRCUIT COURT OF COLE COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| STATE BOARD OF EMBALMERS AND FUNERAL DIRECTORS, | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 23AC-CC03077 |
| SERENITY MEMORIAL FUNERAL AND CREMATION SERVICE LLC, | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Before the Court are the Petitioner's Consolidated Motion for Temporary Restraining Order and Motion for Preliminary Injunction (sometimes referred to herein as "the Consolidated Motion"). The Consolidated Motion asserts that the business operations at Serenity Memorial Funeral and Cremation Service, LLC should by enjoined pursuant to Section 333.335.1(2), RSMo. That statute states that an injunction "may" issue if this Court determines that "a substantial probability of serious danger to the health, safety, or welfare of any resident of this state" exists by virtue of the continued operation of Respondent's funeral home.

After consideration of the Consolidated Motion, the Respondent's written opposition to the motion, the argument of the parties, and the evidence adduced at the hearing held on June 9, 2023 before this Court on the Consolidated Motion, the Court, for the reasons explained herein, *denies* Petitioner's Consolidated Motion for Temporary Restraining Order and Motion for Preliminary Injunction.

Specifically, the Court finds that Petitioner failed to satisfy its burden under Section 333.335.1(2), RSMo., as Petitioner fails to demonstrate "a substantial probability of serious

danger to the health, safety or welfare" of the resident(s) of this State.

Petitioner produced evidence of a funeral establishment that may fail to meet the requirements set forth in RSMo §333.06. There was also a showing that certain building repairs were necessary but not that "a substantial probability of serious danger" to the public existed. Petitioner also made other allegations in the Consolidated Motion related to the mishandling of bodies. As discussed below, these disputed allegations presented to this Court fail to satisfy the standard in Section 333.335.1(2) required for a temporary restraining order of preliminary injunctive relief including the requirements of injunctive relief pursuant to *State ex rel. Director of Revenue v. Gabbert*, 925 S.W.2d 838, 839-40 (Mo. banc 1996), in that, on balance, Petitioner has not sufficiently demonstrated the required elements for issuance of injunctive relief under Missouri law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. Findings of Fact

#### A. Parties

1. Petitioner State Board of Embalmers and Funeral Directors ("the Board") is an agency of the State of Missouri. Per the Board's witness testimony, the purpose of the Board is to ensure "compliance" with Missouri law.

2. Respondent Serenity Memorial Funeral and Cremation Service, LLC ("Serenity") is a Missouri limited liability company registered with the Secretary of State and holding a funeral establishment license issued by the Board. Serenity has conducted business since approximately 2015.

#### B. Factual and Procedural Background

3. The Board conducted inspections of Serenity during each year that Serenity has been in business.

4. On March 7, 2023, the Board stated in writing that all purported previous violations "have been corrected" and that Serenity was in compliance with Missouri law.

5. Approximately one week later, on March 14, 2023, the Board conducted an unannounced inspection at Serenity.

6. The Board did not provide Serenity with any findings or alleged violations related to the March 14 inspection, even though Serenity requested the same..

7. The Board conducted additional inspections on April 26, 2023 and April 27, 2023. A final inspection occurred on May 22, 2023.

8. Again, the Board did not provide Serenity with any findings or alleged violations related to these inspections, despite Serenity's repeated requests for the same.

9. On May 22, 2023 – more than two months after the initial March 14 inspection – the Board filed its Petition and consolidated motion under RSMo §333.335.1(2). An Amended Petition was filed on June 5, 2023.

10. The Board's initial Petition was the first time that the Board informed Serenity of the alleged violations noted during the March and April, 2023 inspections.

11. Upon receipt of the Board's initial Petition, the evidence shows that Serenity immediately began making improvements to its building, in an effort to correct several of the purported violations alleged in the Board's Petition. Those updates/repairs included:

- Repairs to the office ceiling
- Repairs to the chapel walls
- Strips of carpet being removed in arears not open to the public
- The removal of stains in areas not open to the public
- Repair to a ceiling in the hallway

- A hole in the upstairs ceiling (in an area not open to the public) being repaired
- Carpet being removed from the storage room in an area not open to the public
- New flooring installed in the preparation/embalming room (not open to the public)
- A crack in the cabinet door sealed
- Repairs to the ceiling of the preparation/embalming room
- Lock replaced on the door to the preparation/embalming room
- A wall repaired in the hallway
- A lock placed on the storage room

*See Respondent's Exhibit B.*

12. Serenity at that time also made changes to its record keeping protocols and changes related to the identification of bodies within the funeral home.

13. The Board's Consolidated Motion outlines several alleged bases for application of RSMo §333.335.1(2). This Court herein finds that the evidence adduced at hearing on the Consolidated Motion fails to support the Board's request to enjoin Serenity's license. The Court discusses below those alleged bases for injunctive relief one-by-one.

**"Failure to care for dead bodies by not timely nor properly embalming"**

14. The Board produced no evidence that bodies were not embalmed in a *timely* manner.

15. The Board likewise produced no evidence that bodies were improperly embalmed.

16. Accordingly, the Court finds no evidence in the record to support the Board's contention that the failure to care for dead bodies presented "a substantial probability of serious danger" to the public. *See RSMo § 333.335.1(2).*

**"not having sufficient capacity in the refrigeration/cooling unit"**

17. The Board did not produce credible evidence showing that the cooling unit lacked capacity or that the storage of bodies in the cooling unit presents "a substantial probability of serious danger" to the public. *See RSMo §333.335.1(2).*

**"storing bodies in an overflow room and other parts of the funeral home that is not properly cooled nor otherwise appropriate"**

18. First, the Board's investigator agreed under cross-examination that Missouri law contains no requirements for the storage of "embalmed" bodies (neither has this Court identified any requirements for the storage of embalmed bodies).

19. Second, the Board's investigator conceded that he could identify no non-embalmed bodies that were stored outside of the cooling unit.

20. The investigator further testified that he did not check the bodies outside of the cooling unit to determine if they were embalmed because "that's not his job."

21. Gerald Johnson, the owner of Serenity, testified that all bodies stored outside of the cooling unit were embalmed.

22. The Board did not produce credible evidence showing that bodies were improperly stored in such a way that presents "a substantial probability of serious danger" to the public. *See RSMo §333.335.1(2)*

**"keeping bodies in a transport van"**

23. The Board's investigator testified that he only observed the van for approximately 10 minutes.

24. The investigator did not contact any hospital or morgue or other entity/agency to determine the date/time of death of these bodies. Again, he stated "that's not my job."

25. Mr. Johnson stated that the reason the bodies were temporarily kept in the van was because, when the bodies arrived at the funeral home, a service was being conducted, and bringing the bodies into the building at that time would have disrupted the service.

26. There is not enough evidence before this Court to conclude that bodies were at any time being "stored" in the transport van.

27. Accordingly, the Court makes no finding that bodies were improperly "stored" in a transport van in such a way that presents "a substantial probability of serious danger" to the public. *See RSMo §333.335.1(2)*

**"failing to properly preserve records for identification of dead human bodies" and "reporting on official death certificates that dead human bodies have been cremated"**

28. The Court finds evidence in the record to support these allegations. However, based on the evidence adduced, the Court also finds as follows

a. The unidentified bodies were identified after a short period of time;

b. Proper identification of a cremation date is a common problem within the funeral home industry because the certification must be completed prior to the cremation and families often fail to execute the certification prior to the cremation date;

c. Serenity took action to ensure that these issues are resolved, to include additional training of employees and employee in-services.

29. Accordingly, the Court finds no evidence in the record to support the Board's contention that improper record keeping presents "a substantial probability of serious danger" to the public. *See Section 333.335.1(2).*

**"embalming drain sinks are clogged"**

30. The Board did produce evidence showing that the embalming drain sinks were clogged.

31. There was testimony that embalming sinks do not drain on their own; rather, the sink must be "flushed" to eliminate the bodily fluids.

32. The Board investigator could not state whether he requested the sink to be "flushed" or whether a body had recently been embalmed, thereby causing the sink to contain bodily fluids.

**"bodily fluids dripping"**

33. The Board did not produce credible evidence showing that bodily fluids dripping onto the floor causes a danger to the public.

34. As the witness testimony stated, this is a common issue during the embalming process.

35. The areas wherein the floor was stained was not open to the public. Further, there is no evidence before this Court showing that any employee of Serenity is a Missouri resident.

36. Therefore the Court does not find enough evidence in the record to regarding these conditions to support the Board's contention that there is "a substantial probability of serious danger" to the public. *See Section 333.335.1(2).*

## II. CONCLUSIONS OF LAW

### A. The Board Failed to Show that Injunctive Relief Should Issue Pursuant to Section 333.335.1(2)

1. The Board must meet its burden in Section 333.335 RSMo for this Court to consider granting injunctive relief. Section 333.335 RSMo provides:

> 1. Upon application by the board and the necessary burden having been met, a court of competent jurisdiction may grant an injunction, restraining order, or other order as may be appropriate to enjoin a person from:

> (2) Engaging in any practice or business authorized by a registration or authority, permit, or license issued under this chapter that is in violation of this chapter or sections 436.400 to 436.520, or upon a showing that the holder presents a substantial probability of serious danger to the health, safety, or welfare of any resident of this state or client or customer of the licensee or registrant[.]

2. The burden for this Court to grant an order for a temporary restraining order, preliminary injunction, or permanent injunction are the same for each motion and are therefore consolidated.

3. Accordingly, the Board must show that Serenity "presents a **substantial probability of serious danger** to the health, safety, or welfare of any resident of this state or client or customer[.]" (emphasis added).

4. The Board's evidence presented at the June 9, 2023 hearing failed to meet the burden required to issue injunctive relief, as required under Section 333.335, RSMo.

WHEREFORE, the Court hereby Orders as follows:

(1) Based on the evidence and testimony presented at the June 9, 2023, hearing, and the findings of fact noted herein, the Board failed to meet their burden of showing that Serenity presents a substantial probability of serious danger to the health, safety, or welfare of any resident of this state or client or customer.

(2) The May 22, 2023 Consolidated Motion for Temporary Restraining Order and Motion for Preliminary Injunction of the Board is therefore DENIED.

June 21, 2023
DATE

HON. JUDGE COTTON WALKER
CIRCUIT COURT JUDGE, DIVISION III
19th JUDICIAL CIRCUIT, STATE OF MISSOURI